UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, BMW FINANCIAL SERVICES NA, LLC,

*Plaintiff,*

v.

DERRICK KEITT,

*Defendant.*

Civil No.: 2:23-cv-23188 (KSH) (AME)

**ORDER**

**WHEREAS**, this breach of contract declaratory judgment action has come before the Court on the motion of plaintiff Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC ("plaintiff") seeking default judgment against defendant Derrick Keitt ("defendant") (D.E. 15); and

WHEREAS, to grant default judgment, the Court must be satisfied that, *inter alia*, the party seeking judgment presented "a legitimate cause of action," *see, e.g.*, *Trs. of Int'l Union of Painters v. Leo Consulting, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (Bumb, C.J.) (citations omitted); and

WHEREAS, in determining whether an entry of default judgment is appropriate, "courts must accept as true only the complaint's factual allegations, not allegations on damages," *id.* (citing *PPG Indus. Inc. v. Jiangsu Tie Mao Glass Co.*, 47 F.4th 156, 161 (3d Cir. 2022)); and

WHEREAS, on a breach of contract claim, a plaintiff must establish: "(1) the existence of a valid contract; (2) performance by the non-breaching party; (3) defendant breached the agreement; and (4) damages," *id.* at 443 (citing *Goldfarb v. Solimine*, 245 N.J. 326, 338-39 (2021)); and

1

WHEREAS, "a plaintiff must prove the amount of damages with certainty," by submitting "detailed affidavits or documentary evidence that would allow the Court to determine a sum certain with respect to damages," *MicroBilt Corp. v. Bail Integrity Sols., Inc.*, 2024 WL 2301370, at *10 (D.N.J. May 21, 2024) (Kirsch, J.) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)); and

WHEREAS, plaintiff asserts that, due to defendant's actions, it was forced to sell the vehicle at issue at a loss, specifically that the vehicle was sold for $37,750.00 when its adjusted Manheim Market Value ("MMR") at the time of sale was $44,100.00. (D.E. 15-1 at 10; D.E. 15-3 at ¶¶ 6-9.) Plaintiff also asserts that "[i]n connection with the [v]ehicle's auction," it incurred additional charges of $552.34, bringing plaintiff's alleged total loss to $6,902.34. (D.E. 15-3 at ¶¶ 10-11.) While plaintiff has provided the bill of sale of the vehicle demonstrating that it indeed was sold for $37,750.00 (*Id.* ¶ 9 & Ex. 3), it has not backed up the alleged MMR value or costs incurred due to the alleged breach with documentary evidence and therefore the Court is unable to determine whether plaintiff's requested amount of $20,707.02 ($6,902.34 x 3)[1] is an appropriate measure of damages, and for good cause appearing;

**IT IS**, on this 23rd day of January, 2025,

**ORDERED** that plaintiff's motion for default judgment is **denied without prejudice**; and it is further

---

[1] The Federal Odometer Act, 49 U.S.C. § 32710(a) provides that "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."

**ORDERED** that plaintiff may file a renewed motion for default judgment within 21 days, which motion shall be properly supported and address the matters identified herein.

/s Katharine S. Hayden<br>
Katharine S. Hayden, U.S.D.J.