**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, BMW FINANCIAL SERVICES NA, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>DERRICK KEITT,<br><br>*Defendant.* | Civil No.: 2:23-cv-23188 (KSH) (AME)<br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

I. **Introduction**

This matter comes before the Court on the motion (D.E. 17) of plaintiff Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC ("BMW FS") for default judgment against defendant Derrick Keitt. Plaintiff alleges that defendant tampered with the odometer on his leased car, in violation of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.* and of his lease agreement with the dealership. Due to defendant's actions, plaintiff submits it was required to brand the title to the car as "true mileage unknown" and ultimately sold the car at a financial loss. For the reasons set forth below, the Court grants plaintiff's motion for default judgment.

II. **Background**

The complaint alleges as follows. On June 20, 2020, defendant and Open Road BMW of Edison, New Jersey entered into a lease agreement for a 2020 BMW 840i, with vehicle identification number WBAGV4C05LCD79437, at a rate of $1,399.00 per month. (D.E. 1, Compl. ¶¶ 8, 10 & Ex. 1.) The 36-month lease agreement term was scheduled to end on June 20,

1

2023. (*Id.* ¶ 10.) The lease provided that on that date, defendant would be charged for any mileage in excess of 36,060 miles at a rate of $0.30 per mile. (*Id.* ¶ 11.) Paragraph 20 of the lease agreement also provided that "If the Vehicle's odometer becomes inoperative or malfunctions, I agree to notify you and have the odometer repaired within 30 days. I agree not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law." (*Id.* ¶ 12.)

Thereafter, Open Road BMW assigned the lease agreement to plaintiff, and plaintiff registered the car with the Department of Motor Vehicles. (*Id.* ¶ 13 & Ex. 2.) The complaint explains that BMW FS is authorized to bring this action on behalf of plaintiff pursuant to the lease agreement, and "pursuant to the terms of a separate servicing agreement and power of attorney." (*Id.* ¶ 14 & Ex. 1, ¶¶ 2, 36, 42.)

On July 18, 2023, defendant returned the car to Open Road BMW with an odometer reading of 25,870 miles. (*Id.* ¶¶ 15-16.) After an inspection of the car, it was discovered that "a mileage blocking device [was] plugged into the instrument cluster." (*Id.* ¶¶ 17-18.) Due to the odometer tampering, plaintiff was unable to ascertain the true mileage of the car and was required by law to brand the title as "true mileage unknown" which significantly depreciates a vehicle's wholesale price, also known as its Manheim Market Value ("MMR"). (*Id.* ¶¶ 19-20; D.E. 17-6, Declaration of Brett Morrison ("Morrison Decl.") ¶¶ 7-8.) On January 11, 2024, the car was sold for $37,750.00, while its adjusted MMR—the value BMW FS would expect to obtain upon resale of another 2020 BMW 840i—was $44,100.00. (Morrison Decl. ¶ 9 & Exs. 3, 4.) Plaintiff also alleges that in connection with the car's auction, it incurred additional charges of $552.34. (*Id.* ¶ 10.)

On December 18, 2023, plaintiff filed the present action, alleging defendant's odometer tampering violated the terms of his lease agreement and the Federal Odometer Act, 49 U.S.C. §§ 32703, 32705.  (D.E. 1, Compl. ¶¶ 23-45.)  After Magistrate Judge Espinosa found good cause to extend plaintiff's service deadline (D.E. 11), defendant was timely served (D.E. 12), but did not file an answer or other response to the complaint.  On August 1, 2024, plaintiff requested entry of default (D.E. 13), which the Clerk entered the same day.

On August 20, 2024, plaintiff filed a motion for default judgment (D.E. 15), which this Court denied without prejudice for plaintiff's failure to adequately plead its requested damages (D.E. 16).  The Court permitted plaintiff to file a renewed motion for default judgment, which plaintiff timely filed on January 27, 2025, supported with supplemental declarations of counsel Steven Andreacchi ("Andreacchi Decl.") and Brett Morrison, a field marketing analyst of BMW FS.  (D.E. 17.)  Plaintiff seeks judgment in the amount of $20,707.02, representing three times its actual damages as contemplated under § 32710(a) of the Federal Odometer Act.

### III. Legal Standard

The Court may enter default judgment under Fed. R. Civ. P. 55(b)(2) against a properly served defendant who fails to file a timely responsive pleading.  A party seeking default judgment is not entitled to that judgment as of right, rather "[t]he decision to enter a default judgment is 'left primarily to the discretion of the district court.'"  *Maersk Line v. TJM Int'l Ltd. Liability Co.*, 427 F. Supp. 3d 528, 532 (D.N.J. 2019) (Hillman, J.) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984)).  In ruling on the motion, the Court accepts the well-pleaded factual allegations in the complaint, except those relating to damages, and must decide whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Id.* at 533 (citations omitted).

In addition to determining that the facts state a legitimate cause of action and that the movant has established its damages, the Court must examine: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Trs. of Int'l Union of Painters v. Leo Consulting, LLC*, 718 F. Supp. 3d 436, 441 (D.N.J. 2024) (Bumb, C.J.) (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000)). The Court must also be satisfied that it has subject matter and personal jurisdiction, and that the defendant was properly served. *Id.*

### IV. Analysis

The preliminary requirements for entry of default judgment are met here. The Court has subject matter jurisdiction, as plaintiff brought the suit under the Federal Odometer Act, and has supplemental jurisdiction over plaintiff's breach of contract claim. 28 U.S.C. §§ 1331, 1367.

The Court also has personal jurisdiction over defendant. Although it appears that defendant moved from New Jersey to Tennessee at some point after returning the car to Open Road BMW, defendant "purposefully avail[ed] [himself] of the privilege of conducting activities within the forum State" while he lived in New Jersey. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Here, defendant entered into a contract within New Jersey for the lease of a car. Further, defendant is alleged to have tampered with that car's odometer before returning it to Open Road BMW, which forms the basis of plaintiff's suit and constitutes sufficient "minimum contacts" in New Jersey to find that personal jurisdiction exists. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ("Thus where the defendant 'deliberately' has engaged in significant activities within a State, . . . he manifestly has availed himself of the privilege of conducting

business there, and . . . it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well." (internal citations omitted)).

Under Fed. R. Civ. P. 4(e)(2)(B), an individual residing within the United States may be served by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Here, service of the summons and complaint was made on July 5, 2024 to Charlie Keitt, defendant's father, at defendant's primary place of residence. (D.E. 12.) The Court finds that service was proper. Defendant has never answered or otherwise responded to the complaint, and default was entered by the Clerk.

The complaint sets forth claims under the Federal Odometer Act and for breach of contract and no meritorious defense is evident from the record. The Federal Odometer Act provides:

> A person may not--
>
> > (1) advertise for sale, sell, use, install, or have installed, a device that makes an odometer of a motor vehicle register a mileage different from the mileage the vehicle was driven, as registered by the odometer within the designed tolerance of the manufacturer of the odometer;
> >
> > (2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;
> >
> > (3) with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or
> >
> > (4) conspire to violate this section or section 32704 or 32705 of this title.
>
> 49 U.S.C. § 32703.

Further, 49 U.S.C. § 32705(a) and (c) mandate that a person transferring ownership of a motor vehicle must give the transferee accurate disclosures regarding the actual mileage of the car.

Additionally, to state a claim for breach of contract under New Jersey law, a plaintiff must establish that (1) a valid contract exists between the parties, (2) the defendant failed to perform its obligations under that contract, and (3) the plaintiff suffered damages as a result. *Murphy v. Implicito*, 392 N.J. Super. 245, 265 (App. Div. 2007).

Here, the parties entered into a valid contract for a lease of the 2020 BMW 840i in June 2020. (Compl. ¶¶ 8, 10 & Ex. 1.) Pursuant to that agreement, defendant agreed "not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law," including alterations to the odometer. (*Id.* ¶ 12 & Ex. 1, ¶ 20.) Defendant also agreed to notify plaintiff if the odometer malfunctioned or became inoperative, and to have the odometer repaired within 30 days if either event occurred. (*Id.*) Accepting plaintiff's allegations as true, defendant breached this valid contract and violated 49 U.S.C. § 32703 by returning the car to Open Road BMW with a mileage blocking device plugged into the instrument cluster, which acts to prevent accurate odometer readings. (Morrison Decl. ¶¶ 5-6.) Further, at the time Open Road BMW repossessed the car, defendant failed to disclose that the odometer was inoperable in violation of the lease agreement and 49 U.S.C. § 32705. (D.E. 17-1, Moving Br. at 8.) Accordingly, plaintiff has stated a cause of action under the Federal Odometer Act and for breach of contract.[1]

Additionally, the Court finds that defendant's failure to appear or to file any response to the complaint has prevented plaintiff from prosecuting this action and obtaining relief, to its prejudice. *See Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 830 (D.N.J. 2021) (Kugler, J.). And absent any evidence to the contrary, a "[d]efendant's failure to answer demonstrates [d]efendant's culpability in its default." *Teamsters Health & Welfare Fund of*

---

[1] While the complaint also alleges causes of actions for fraud and trespass to chattels, plaintiff has noted that these causes of action are subsumed by the Federal Odometer Act cause of action. (D.E. 17-1, Moving Br. at 9.)

*Phila. v. Dubin Paper Co.*, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012) (Simandle, J.). No such evidence of a reason other than defendant's "willful negligence" is present here. *See id.*

Damages under the Federal Odometer Act are set forth in 49 U.S.C. § 32710, which provides:

> **(a) Violation and amount of damages.**--A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater.
>
> **(b) Civil actions.**--A person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person.

As to its requested damages, plaintiff submits the Morrison Declaration, which alleges that plaintiff sustained a loss of $6,902.34 in connection with the car's resale and requests three times its actual damages, totaling $20,707.02. (D.E. 17-1, Moving Br. at 13-14; Morrison Decl. ¶¶ 9-11.) Morrison elaborates that, as a result of defendant's actions, plaintiff was required to brand the title to the car as "true mileage unknown," "so that such status could be disclosed to any prospective purchaser." (Morrison Decl. ¶ 7.) On January 11, 2024, the car was sold for $37,750.00; in the announcements and notes of the bill and sale, it is noted that the odometer is inoperable. (*Id.* ¶ 9 & Ex. 3.) On the same date, Morrison submits that the car's adjusted MMR was $44,100.00. (*Id.* & Ex. 4.) Morrison also alleges that in connection with the car's auction BMW FS incurred additional charges of $552.34 "which applied to reduce the amount paid by the buyer from $37,750 to $37,197.66." (*Id.* ¶ 10.)[2]

---

[2] Plaintiff directs the Court's attention to Exhibit 4 to provide proof of the $552.34 additional charge, however, no such information is found in Exhibit 4 or in any of the exhibits attached to plaintiff's motion. In connection with plaintiff's forthcoming request for costs and attorneys' fees (Andreacchi Decl. ¶ 15 n.1), plaintiff may file a supplemental certification with supporting papers to substantiate its requested $552.34 in auction costs within 30 days of this opinion.

Attached to the Morrison Declaration is the January 11, 2024, bill of sale for the car and a "Historical Pricing Detail" record that BMW FS kept in its ordinary course of business to demonstrate the vehicle's adjusted MMR value on the date of sale. (Morrison Decl. ¶ 9 & Exs. 3, 4.) The Court finds that plaintiff has adequately demonstrated that it sold the vehicle at a loss of $6,350.00 due to defendant's odometer tampering. However, as plaintiff has failed to provide proof of its requested $552.34 in auction costs, the Court does not include those costs in calculating plaintiff's actual damages at this time.

As to plaintiff's request for three times its actual damages, which requires a violation of the Federal Odometer Act "with intent to defraud," the Court finds that plaintiff has made such a showing. Plaintiff submits that defendant acted with intent to defraud by tampering with the car's odometer and returning the car without disclosing that the odometer reading was inaccurate. Plaintiff theorizes that defendant intentionally withheld such information to avoid paying excess mileage fees that would have been owed under the lease agreement. (D.E. 17-1, Moving Br. at 8; Andreacchi Decl. & Ex. A, ¶¶ 31-32, 42-44.) And due to the mileage blocking device, the car's true odometer reading is unknown, and was indeed sold as true mileage unknown. (Morrison Decl. ¶ 9 & Ex. 3.) This is enough to prove an intent to defraud under the Federal Odometer Act. *See Moxey v. Jimmy Auto Sale LLC*, 2019 WL 1399556, at *4 (D.N.J. Mar. 28, 2019) (Salas, J.) (citing *Klein v. Pincus*, 397 F. Supp. 847, 851 (E.D.N.Y. 1975) (noting that in the absence of an explanation, proof of a change in the odometer's reading supports conclusion of intent to defraud)).

Pursuant to 49 U.S.C. § 32710(a), the Court finds that plaintiff is entitled to three times its actual damages, which totals $19,050.00.

## V. Conclusion

For the reasons set forth above, the Court will grant the motion for default judgment.  An appropriate order will follow.

Date: March 3, 2025

/s Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.