<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| FINANCIAL SERVICES VEHICLE TRUST, by and through its servicer, BMW FINANCIAL SERVICES NA, LLC, <br><br>    *Plaintiff*, <br><br> v. <br><br> DERRICK KEITT, <br><br>    *Defendant.* | Civil No.: 2:23-cv-23188 (KSH) (AME) <br><br> <u>**OPINION ON LETTER REQUEST FOR RECONSIDERATION**</u> |

<u>**Katharine S. Hayden, U.S.D.J.**</u>

**I.  <u>Introduction</u>**

  Before the Court is defendant Derrick Keitt's *pro se* letter (D.E. 21) for reconsideration of the Court's opinion and order (D.E. 18, 19) granting plaintiff's motion for default judgment against him. For the reasons set forth below, the motion for reconsideration will be denied.

**II.  <u>Background</u>**

  The relevant factual allegations and procedural history of this matter are set forth in more detail in the Court's March 3, 2025 opinion. (D.E. 18, 3/3/25 Opinion.) Briefly, plaintiff—Financial Services Vehicle Trust, by and through its servicer, BMW Financial Services NA, LLC—alleges that defendant tampered with the odometer on his leased car in violation of the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.* and of his lease agreement with the dealership. Plaintiff alleges that after defendant returned his leased car, it was discovered that a mileage blocking device was plugged into the instrument cluster, which prevents accurate odometer readings. Due to the odometer tampering, plaintiff was required by law to brand the title to the car as "true mileage unknown" and ultimately sold it at a loss.

Plaintiff filed the present action on December 18, 2023, requesting actual damages under the Federal Odometer Act. Defendant was timely served (D.E. 12), but did not file an answer or other response to the complaint. Plaintiff requested entry of default (D.E. 13), which was granted, and thereafter filed a motion for default judgment (D.E. 15), which was denied for plaintiff's failure to adequately plead its requested damages (D.E. 16). Plaintiff timely re-filed its motion for default judgment on January 27, 2025. (D.E. 17.) The Court ultimately granted the motion, finding that plaintiff adequately stated a cause of action under the Federal Odometer Act and for breach of contract, and is entitled to damages in the amount of $19,050.00. (3/3/25 Opinion at 6-8.) The Court reserved entering final judgment until plaintiff submitted a supplemental certification as to its requested costs and attorneys' fees. (D.E. 19, 3/3/25 Order.) Plaintiff submitted that certification on March 31, 2025. (D.E. 22.)

The present letter for reconsideration, filed March 11, 2025, is defendant's first response in this matter. (D.E. 21.) In it, defendant asks this Court to reconsider its March 3, 2025 opinion and order, alleging (1) that he had his car serviced at "an authorized service center" for display screen and speedometer issues, so BMW was aware of "the speedometer malfunction;" (2) when he returned the car, BMW gave him a final statement outlining charges due, which did not mention "any mileage discrepancies or concerns related to the odometer;" and (3) he only received notice of the alleged odometer alteration six months after returning his car, and was never provided evidence to substantiate this claim. (*Id.*) Defendant does not submit any other facts, documentary evidence, or arguments in his letter.

### III.     Standard of Review

Motions for reconsideration of interlocutory[1] rulings are governed by L. Civ. R. 7.1(i), which allows an aggrieved party to seek reconsideration where the party believes the Court has overlooked information or controlling law.

To succeed, the movant must demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). As to the third ground, a decision suffers from "clear error" only if the movant can demonstrate that "(1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *In re Coinbase Global, Inc. Secs. Litig.*, 2025 WL 1040633, at *2 (D.N.J. Apr. 8, 2025) (Martinotti, J.) (citation omitted); *see United States v. Grape*, 549 F.3d 591, 603-04 (3d Cir. 2008).

Reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" *Saiyed v. Archon, Inc.*, 2025 WL 366132, at *2 (D.N.J. Feb. 3, 2025) (Martinotti, J.) (quoting L. Civ. R. 7.1(i) cmt. 6(d)). A motion for reconsideration may not be used "to raise arguments or present evidence that could have been raised prior to the entry of judgment." *In re Coinbase*, 2025 WL 1040633, at *2. Relief is similarly not warranted simply because a party disagrees with a decision or wants to reargue the original motion. *Jansenius v. Holtec Int'l*, 2024 WL 2818280, at

---

[1] The Court interprets its March 3, 2025 order as an interlocutory order, since final judgment for plaintiff has not yet been entered. (*See* 3/3/25 Order (noting that "final judgment shall be entered after the Court's consideration of the [requested] supplemental submission").) In any event, L. Civ. R. 7.1(i) and Fed. R. Civ. P. 59(e)—which applies to orders rendering a final judgment—are evaluated under the same standard. *Stephens v. Equifax, Inc.*, 2023 WL 8531831, at *2 n.3 (D.N.J. Sept. 11, 2023) (Arleo, J.) (citing *Fields v. Dickerson*, 2017 WL 1181576, at *1 (D.N.J. Mar. 30, 2017) (Hillman, J.)).

*2 (D.N.J. June 3, 2024) (Williams, J.). Rather, L. Civ. R. 7.1(i) allows a movant to present "matter[s] or controlling decisions which the party believes the Judge has 'overlooked.'" *In re Coinbase*, 2025 WL 1040633, at *2 (quoting L. Civ. R. 7.1(i)). "Overlooked" refers "only to facts and legal arguments that might have reasonably resulted in a different conclusion had they been considered." *Id.* at *3 (quotation omitted).

IV. **Discussion**

Defendant's motion for reconsideration raises two main facts: that BMW knew the car's display screen was inoperable, and that BMW did not notify him of the odometer tampering until six months after he returned the car. (D.E. 21.) These facts were not previously alleged, as this is defendant's first submission to the Court.

Defendant does not rely on new law or allege new evidence in his motion. *See Centennial Plaza Prop., LLC v. Trane U.S. Inc.*, 2022 WL 3098111, at *2 (D.N.J. Aug. 4, 2022) (Vazquez, J.) (noting that "new evidence" for reconsideration purposes means evidence that "a party could not earlier submit to the court because that evidence was not previously available"). Defendant's allegations concern facts that he has known since the inception of this case and which he could have submitted to this Court, prior to its entry of judgment, by way of answer or opposition. Defendant similarly cannot argue that the Court overlooked any facts or law presented by him, since this is his first submission to the Court. *See In re Coinbase*, 2025 WL 1040633, at *2 (noting that "when the assertion is that the Court overlooked something, the movant must point to some dispositive factual or legal matter that was presented to the Court").

This leaves the third ground, which requires a showing of "clear error."[2] The Court finds that the rationale underpinning its March 3, 2025 opinion and order are not changed by

---

[2] Although this basis for relief is not articulated in defendant's letter, the Court provides this discussion in recognition of the leeway granted to *pro se* pleadings. *Metro. Life Ins. Co. v.*

4

defendant's untimely submission of evidence. Defendant's assertions do not undermine plaintiff's Federal Odometer Act or breach of contract claims or raise a serious dispute as to the facts underlying these claims. That the display screen may have been inoperable, or that BMW may have waited six months to alert defendant of the odometer tampering charges, do not challenge plaintiff's assertion that a mileage blocking device was found in defendant's leased car after its return. Thus, the Court finds that its March 3, 2025 opinion and order are grounded in facts supported by the record and that reconsideration is not warranted.

To reiterate, relitigating or rearguing issues already presented (or which could have been presented but weren't) are not proper purposes for a reconsideration motion and do not warrant relief. *Jansenius*, 2024 WL 2818280, at *2. Defendant has had notice and opportunities to oppose plaintiff's allegations. He was served with process (D.E. 11, 12) and served via regular and certified mail copies of plaintiff's motions for default and default judgment. (D.E. 13-4, 15-6, 17-13.) He chose to respond only after he was served with the Court's order and opinion entering judgment against him. But because defendant does not raise any new issues of fact or law now, the motion for reconsideration is denied.

## V. Conclusion

For the reasons set forth above, defendant's motion for reconsideration is denied. An appropriate order will issue.

Date: April 15, 2025                    /s/ Katharine S. Hayden
                                        Katharine S. Hayden, U.S.D.J.

---

*Kalenevitch*, 502 F. App'x 123, 125 (3d Cir. 2012) (recognizing that *pro se* litigants are given "greater leeway where they have not followed the technical rules of pleading and procedure") (citation omitted)).